IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HARRIET FORESTIERI, | ) |
| Plaintiff, | ) |
| v. | ) No. 18-1171 (MN) |
| WENDOVER, INC. | ) |
| Defendant. | ) |

# MEMORANDUM OPINION

Daniel C. Herr, LAW OFFICE OF DANIEL C. HERR LLC, Wilmington, DE 19801; Neelima Vanguri, Sidney L. Gold, SIDNEY L. GOLD & ASSOCIATES, P.C., Philadelphia, PA – attorneys for Plaintiff

Kevin A. Guerke, BAIRD MANDALAS BROCKSTEDT, LLC, Wilmington, DE – attorneys for Defendant

January 30, 2020
Wilmington, Delaware

*signature: Maryellen Noreika*

**NOREIKA, U.S. DISTRICT JUDGE**:

Before the Court is a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), filed by Defendant Wendover, Inc. ("Defendant" or "Wendover") (D.I. 25), alleging that Count I of Plaintiff Forestieri's ("Plaintiff" or "Forestieri") Second Amended Complaint ("Second Amended Complaint") (D.I. 22) fails to state a claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C.§ 12101, *et. seq* upon which relief can be granted. Plaintiff opposes the motion. For the reasons set forth below, Defendant's motion to dismiss the Second Amended Complaint will be GRANTED.

**I.    BACKGROUND**

Plaintiff filed her original Complaint on August 3, 2018. (D.I. 1). On September 20, 2018, Defendant moved to dismiss that Complaint. (D.I. 7). In lieu of responding to the motion, Plaintiff filed an Amended Complaint on October 10, 2018. (D.I. 9). The Amended Complaint asserted violations of the ADA (Count I), the Age Discrimination in Employment Act, ("ADEA"), 29 U.S.C. §621 *et seq*. (Count II), and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. 2601, *et seq*. (Count III) (*Id.* ¶ 2). Defendant moved to dismiss the Amended Complaint (D.I. 10), and the Court granted that motion with respect to Counts I and II, but denied it as to Count III (D.I. 18, 19). On October 10, 2018, Plaintiff filed her Second Amended Complaint, again asserting violations of the ADA (Count I), the ADEA (Count II), and the FMLA (Count III). (D.I. 22). Defendant now moves to dismiss Count I of the Second Amended Complaint.[1] (D.I. 25).

Forestieri, a sixty-nine-year-old individual, was employed by Defendant from 1999 until October of 2016. (D.I. 22 ¶ 9). The Second Amended Complaint alleges that throughout her

---

[1]    Defendant does not challenge the sufficiency of Plaintiff's Second Amended Complaint as to Counts II (ADEA) and III (FMLA).

1

employment with Defendant, she "held the position of General Manager and at all times maintained a satisfactory job performance rating." (*Id.* ¶ 10). Plaintiff alleges that on May 24, 2016, she fell at her home and suffered a wrist facture, which led to difficulties "lifting, grasping, performing manual tasks, and musculoskeletal function[ing]." (*Id.* ¶ 11). Plaintiff alleges that she contacted her supervisor, Frank Germann ("Germann") "to inquire about disability leave" and to inform him that "she would not be able to work for the next three (3) to four (4) months." (*Id.* ¶ 13). She alleges that Germann instructed her "to take the time off to allow her injury to properly heal." (*Id.*) Plaintiff further alleges that during her leave she remained in contact with her supervisor and "at all times expressed her intent to return to work as soon as she was medically cleared to do so." (*Id.* ¶ 16). On September 2, 2016, Plaintiff informed Germann that she would be able to return to work around September 26, 2016. (*Id.* ¶ 17). Plaintiff alleges that she asked for the additional time beyond her FMLA leave as an accommodation "so that she would be able to fulfill the essential functions of her job upon her return to work at the end of the leave." (*Id.*). On September 21, 2016, Plaintiff was approved by her doctor to return to work on September 26, 2016 without restriction. (*Id.* ¶ 18). Plaintiff returned to work on September 26, 2016. (*Id.* ¶ 19).

The Second Amended Complaint alleges that, upon returning to work, Plaintiff met with "Rob Beaver ("Beaver"), Vice-President, and Gerald Hoffner ("Hoffner"), Regional Director," at which time she was informed that she would be demoted to the role of assistant manager and that her salary would decrease from $65,000 to $35,000. (*Id.* ¶ 20). Plaintiff alleges that Beaver explained the change was because Plaintiff "had been out for a while and [he was] concerned that [she] will not be able to perform the job because when [Beaver] came back to Wendy's [he] had a hard time and [she] was older than [him]." (*Id.*). Plaintiff further alleges that Beaver stated that "we weren't even sure you [Plaintiff] were coming back because there was no communication

from you." (*Id.* ¶ 22). Plaintiff alleges that Beaver told her that she would be replaced by Anthony Kemsky ("Kemsky") – an Assistant Manager, who was "a similarly-situated, non-disabled individual, approximately thirty years younger than Plaintiff Forestieri" – and that she would be transferred to the University Plaza Wendy's location. (*Id.* ¶¶ 20-21).

The Second Amended Complaint alleges that Plaintiff reported to the University Plaza Wendy's location on October 3, 2016 and "expressed concern to Beaver that she had not been formally trained to use the newly renovated facility." (*Id.* ¶ 23). Plaintiff alleges that Beaver "voiced apprehension that Plaintiff Forestieri would not be able to complete work related tasks because of her age." (*Id.*). Plaintiff further alleges that, on October 6, 2016, Beaver and Hoffner called Plaintiff into a meeting and again "expressed concern that Plaintiff Forestieri would not be able to do her job because of her age and her time off related to her disability." (*Id.* ¶ 24).

The Second Amended Complaint contends that "Forestieri believes and therefore avers that the Defendant demoted Plaintiff Forestieri on the basis of her age (69), her actual and/or perceived disability and/or record of impairment (Wrist Fracture, Nerve Damage), and/or in retaliation for Plaintiff Forestieri's requests for reasonable accommodations." (*Id.* ¶ 25). Plaintiff alleges she was unlawfully terminated on October 5, 2016. (*Id.* ¶ 9).

## II. LEGAL STANDARD

When presented with a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), district courts conduct a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the Court separates the factual and legal elements of a claim, accepting "all of the complaint's well-pleaded facts as true, but [disregarding] any legal conclusions." *Id.* at 210-11. Second, the Court determines "whether the facts alleged in the

3

complaint are sufficient to show . . . a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Dismissal under Rule 12(b)(6) is appropriate if a complaint does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *see also Fowler*, 578 F.3d at 210. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court is not obligated to accept as true "bald assertions" or "unsupported conclusions and unwarranted inferences." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997); *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997). Instead, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

### III. DISCUSSION

#### A. Count 1: ADA – Actual and/or Perceived Disability and/or Record of Impairment Discrimination, Retaliation

"[T]o establish a prima facie case of discrimination under the ADA, the plaintiff must show: (1) he is a disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered an otherwise adverse employment decision as a result of

discrimination." *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 306 (3d Cir. 1999) (quoting *Gaul v. Lucent Technologies*, 134 F.3d 576, 580 (3d Cir. 1998)). Here, Plaintiff alleges that Defendants violated the ADA by "subjecting Plaintiff Forestieri to unlawful discrimination on the basis of her actual and/or perceived and/or record of impairment (Wrist Fracture, Nerve Damage),[2] failing to accommodate Plaintiff Forestieri, failing to engage in the interactive process with Plaintiff Forestieri, and retaliating against Plaintiff Forestieri for requesting a reasonable accommodation." (D.I. 22 ¶ 27)

1. Disability

Under the ADA, "[a] 'disability' is defined as: '(A) a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual; (B) a record of such impairment; or (C) being regarded as having such an impairment.'" *Taylor,* 184 F.3d at 305-06 (citing 42 U.S.C. § 12102(2)). Here, Plaintiff has not alleged facts necessary to state a plausible claim under any of these formulations.

In the Second Amended Complaint, Plaintiff alleges "[f]or the period of recovery subsequent to her surgery, Plaintiff Forestieri's major life activities were further impaired in that her abilities to care for herself, work, sleep, and her neurological function (due to nerve damage caused by the surgery) were further impaired." (D.I. 22 ¶ 14). This conclusory allegation amounts to a "'temporary non-chronic impairment of short duration'" which is "'not a disability covered by the [Acts].'"[3] *Macfarlan v. Ivy Hill SNF, LLC*, 675 F.3d 266, 274 (3d Cir. 2012) (quoting

---

[2] Multiple times Plaintiff refers to her impairment with the parenthetical "wrist facture, nerve damage," but there are no allegations or facts describing any purported nerve damage.

[3] The Court agrees with Plaintiff that EEOC regulations provide that impairments lasting fewer than six months may be substantially limiting. 29 C.F.R. § 1630.2(j)(1)(ix). Under those regulations, however, the duration of an impairment is a factor to consider in determining whether an impairment substantially limits a major life activity. Here, the Court considered the short duration as just one factor. In addition, the Court considered

*Rinehimer v. Cemcolift, Inc.*, 292 F.3d 375, 380 (3d Cir. 2002)). Here, Plaintiff alleges that she injured her wrist on May 24, 2016 and "was approved by her doctor to return to work full time ***with no restrictions*** on September 26, 2016." (D.I. 22 ¶¶ 11, 18) (emphasis added). She does not allege that her wrist injury caused physical impairment after she was cleared by her doctor, or that it was a long-term or chronic injury. Thus, Plaintiff's impairment, which concluded when her own doctor cleared Plaintiff to return to work without restriction, is not a physical impairment under the ADA.

Moreover, "Congress included 'record of' disability claims in the ADA to ensure that employees could not be subjected to discrimination because of a recorded history of disability." *Eshelman v. Agere Sys., Inc.*, 554 F.3d 426, 436–37 (3d Cir. 2009). "A plaintiff attempting to prove the existence of a 'record' of disability still must demonstrate that the recorded impairment is a 'disability' within the meaning of the ADA." *Tice v. Ctr. Area Transp. Auth.*, 247 F.3d 506, 513 (3d Cir. 2001). In *Eshelman*, the Third Circuit stated, "if the record at issue does not reference a disability or condition covered by the ADA, [Defendant] is not liable even if it did rely on that record in making the adverse employment decision." 554 F.3d at 437. Here, where Plaintiff's temporary wrist injury is not a disability under the ADA, she cannot state a record of impairment claim upon which relief may be granted.

Finally, the Second Amended Complaint does not sufficiently allege that Plaintiff was regarded by Defendant as disabled. "An individual meets this 'regarded as' requirement if he or she establishes that he or she has been subject to an action the ADA prohibits 'because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived

---

that Plaintiff was approved to return to work full time without restriction and also considered Plaintiff's conclusory allegations regarding the impact of her wrist injury on her major life activities.

to limit a major life activity.'" *Budhun v. Reading Hosp. & Med. Ctr.*, 765 F.3d 245, 259 (3d Cir. 2014) (quoting 42 U.S.C. § 12102(3)(A)). "The statute curtails an individual's ability to state a 'regarded as' claim if the impairment is 'transitory and minor,' which means it has an 'actual or expected duration of six months or less.'" *Id.* (citing § 12102(3)(B)). While a Defendant may not ordinarily raise an affirmative defense – like transitory and minor impairment[4] – at the motion to dismiss stage, such a defense may be considered "if the defense is apparent on the face of the complaint." *Id.* (citing *Ball v. Famiglio*, 726 F.3d 448, 459 n.16 (3d Cir. 2013)). Here, as discussed above, the Second Amended Complaint alleges that Plaintiff's impairments were short term, lasting four months before she was medically cleared to return to work without restrictions. Based on the time to recover and the nature of her injury, this impairment was objectively transitory and minor. *See id.* (referring to an approximately two month-long recovery from a broken hand as "objectively transitory and minor"). The Second Amended Complaint, moreover, includes no plausible allegations that Defendant treated Plaintiff's wrist injury as anything more than a minor and transitory injury that would keep her from work for a few months. (*See* D.I. 22 ¶ 13 ("Plaintiff Forestieri informed Germann that, per her doctor's orders, she would not be able to work for the next three (3) to four (4) months. Germann instructed Plaintiff Forestieri to take the time off to

---

[4] 29 C.F.R. § 1630.15(f) (stating under defenses those "[c]laims based on transitory and minor impairments under the 'regarded as' prong. It may be a defense to a charge of discrimination by an individual claiming coverage under the 'regarded as' prong of the definition of disability that the impairment is (in the case of an actual impairment) or would be (in the case of a perceived impairment) 'transitory and minor.' To establish this defense, a covered entity must demonstrate that the impairment is both 'transitory' and 'minor.' Whether the impairment at issue is or would be 'transitory and minor' is to be determined objectively. A covered entity may not defeat 'regarded as' coverage of an individual simply by demonstrating that it subjectively believed the impairment was transitory and minor; rather, the covered entity must demonstrate that the impairment is (in the case of an actual impairment) or would be (in the case of a perceived impairment) both transitory and minor. For purposes of this section, 'transitory' is defined as lasting or expected to last six months or less.").

7

allow her injury to properly heal.")). Because Plaintiff has not sufficiently pleaded facts to show she is disabled under any formulation of the definition in the ADA, she has failed to state a plausible claim for relief thereunder.

### 2. Accommodation

To the extent that Plaintiff alleges that Defendant failed to accommodate her disability, she has again failed to state a claim. An employer commits unlawful discrimination under the ADA if the employer does "not mak[e] reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless [the employer] can demonstrate that the accommodation would impose an undue hardship on the operation of the business of [the employer]." 42 U.S.C. § 12112(b)(5)(A). A failure to accommodate claim requires a plaintiff to show "'(1) he is a disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination' . . . [which] in this context include[s] refusing to make reasonable accommodations for a plaintiff's disabilities." *Hohider v. United Parcel Serv., Inc.*, 574 F.3d 169, 186-87 (3d Cir. 2009) (quoting *Williams v. Phila. Housing Auth. Police Dep't*, 380 F.3d 751, 761 (3d Cir. 2004)). Here, Plaintiff cannot state a failure to accommodate claims because, as discussed above, Plaintiff has failed to make a plausible showing that she is a disabled person within the meaning of the ADA. Even accepting, *arguendo*, however, that Plaintiff is disabled under one of the three categories expounded above, she has failed to make a showing that Defendant refused to make a reasonable accommodation.

First, Plaintiff has not plausibly alleged that Defendant refused to accommodate her wrist injury. The Third Circuit has made clear that an individual must put a covered employer on notice

of a request for an accommodation, stating "while the notice [of a desire for an accommodation] does not have to be in writing, be made by the employee, or formally invoke the magic words 'reasonable accommodation,' the notice nonetheless must make clear that the employee wants assistance for his or her disability." *Jones v. United Parcel Serv.*, 214 F.3d 402, 408 (3d Cir. 2000) (quoting *Taylor*, 184 F.3d at 313). Plaintiff's sole allegation regarding accommodation states, in its entirety, that "[f]or the period of time that Plaintiff required additional leave beyond her FMLA leave, she requested the same as a reasonable accommodation for her disability. Plaintiff requested said accommodation (leave of absence), so that she would be able to fulfill the essential functions of her job upon her return to work at the end of the leave." (D.I. 9 ¶ 17). Plaintiff's conclusory assertion is insufficient to state a plausible claim that she made clear to the Defendant that she required assistance for any disability or that Defendant then refused to grant that request. Thus, Plaintiff cannot maintain a claim under the ADA for failure to accommodate.[5]

Plaintiff also cannot claim failure to accommodate pursuant to a "regarded as" definition of disability. The 2008 Amendments to the ADA added a provision which provides that employers "need not provide a reasonable accommodation . . . to an individual who meets the definition of disability in [Section 12102(1)(C): "regarded as having an impairment"]." 42 U.S.C. § 12201(h); *see also Robinson v. First State Cmty. Action Agency*, --- F.3d ---, 2019 WL 1431924, at *3 (3d Cir. Apr. 1, 2019) ("an individual who demonstrates that she is 'regarded as' disabled, but who fails to demonstrate that she is actually disabled, is not entitled to a reasonable accommodation."). Thus, to the extent that Plaintiff alleges a failure to accommodate based on a "regarded as"

---

[5] Similarly, Plaintiff's allegations that Defendant failed to engage in an interactive process for a reasonable accommodation and retaliated against Plaintiff for requesting a reasonable accommodation – both being premised on a request for reasonable accommodation – also fail.

definition of disability, her claim is prohibited and does not state a claim upon which relief may be granted.

For the above reasons, Defendant's motion to dismiss Count I of the Amended Complaint will be granted.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Defendant's motion to dismiss (D.I. 25) is GRANTED. An appropriate order will follow.